DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Patricia Grossen appeals the order of the Akron Municipal Court granting judgment in favor of plaintiff-appellee Lauren Albanese in the amount of $2,697.00. We affirm.
On December 26, 1995, Albanese filed a complaint in the Akron Municipal Court alleging in her first cause of action that she and Grossen had entered a partnership and that Grossen breached the partnership agreement by not paying to Albanese her share of the initial investment. In her second cause of action, Albanese further alleged that Grossen had caused the business, called "Hugs not Drugs," to suffer a loss by not devoting her best efforts to the business. "Hugs not Drugs" never realized a profit and is now defunct. The matter was tried before the court. On May 12, 1997, the trial court issued its journal entry, finding that: 1) a partnership existed between Albanese and Grossen; 2) Albanese had provided the money for the initial capital and expenses, with Grossen's half to come out of her share of the profits; and 3) the losses incurred by the partnership were to be divided equally between Albanese and Grossen. The trial court denied Albanese's second cause of action. On May 19, 1997, Grossen moved the trial court for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) and for a new trial pursuant to Civ.R. 59(A). The trial court denied these motions. Grossen appeals, assigning two errors.
 I.
Grossen's first assignment of error states:
 PROFITS ARE PRIMA FACIE EVIDENCE OF THE EXISTENCE OF A PARTNERSHIP. THE PLAINTIFF-APPELLEE FAILED TO PROVE THE EXISTENCE OF A PARTNERSHIP BY A PREPONDERANCE OF THE EVIDENCE BECAUSE THERE WERE NO PROFITS. THEREFORE, DEFENDANT-APPELLANT IS NOT LIABLE TO PLAINTIFF-APPELLEE FOR HER SHARE OF THE ALLEGED CAPITAL CONTRIBUTION.
 A. Standard of Review
"[I]n reviewing a trial court's decision, an appellate court must give due deference to the trial court's findings, as the trial judge is best able to observe the witnesses and use these observations in weighing the credibility of the testimony."Berger v. Dare (1994), 99 Ohio App.3d 103, 106, citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77. When a judgment is supported by some competent, credible evidence going to all the essential elements of the case, the judgment will not be reversed by an appellate court as being against the manifest weight of the evidence. Id.
Appellant Grossen has not provided this court with any evidence to review, such as a transcript of the trial court proceedings. Therefore we accept the trial court's findings of fact as true.
 B. The Existence of a Partnership
"A partnership is an association of two or more persons to carry on as co-owners a business for profit[.]" R.C. 1775.05(A). R.C. 1775.06 sets forth the rules by which courts determine whether a partnership exists and provides in part:
 (D) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business[.]
However, since every business relationship is unique, no single fact or circumstance can operate as a conclusive test for the existence of a partnership. In re Estate of Nuss (1994), 97 Ohio App.3d 191,195. For instance, the conduct of the parties may suggest the existence or non-existence of a partnership. See id.
at 196. Therefore, the receipt of profits is by no means the only way to prove the existence of a partnership. If this were true, then a partnership which was unprofitable would not be a partnership under Ohio law, although at the outset, the parties involved intended a partnership.
Hines v. Cent. Mut. Ins. Co. (1977), 7 Ohio Ops.3d 352 sets forth some factors to be used when determining the existence of a partnership. These factors include: 1) the sharing of profits; 2) the filing of partnership tax returns; 3) co-ownership of a capital account; and 4) mutual authority to bind the business.Id. at 353-354. In the case at bar, the trial court listed the factors which supported the existence of a partnership in its journal entry finding in favor of the plaintiff, Albanese: 1) a commercial vendor's agreement that was signed by both Albanese and Grossen; 2) a purchase order that was signed by both parties; 3) the checks on behalf of the venture were in the names of both parties with either party as authorized drawers; 4) Grossen signed some of these checks on behalf of the venture; and 5) both parties acted with control and authority to bind the business. The trial court went on to say that there were no shared profits because there were no profits to share. In addition, the trial court stated that neither the absence of profits nor the failure of the parties to file partnership tax returns negated the existence of a partnership.
Because the absence of profits does not negate the existence of a partnership, Grossen's first assignment of error is overruled.
 II.
Grossen's second assignment of error states:
 EVEN IF A PARTNERSHIP EXISTED, THE PARTIES PURSUANT TO O.R.C. § 1775.17, AGREED THAT PLAINTIFF-APPELLEE WOULD PAY THE ENTIRE INITIAL CAPITAL CONTRIBUTION AND BE REIMBURSED OUT OF ANY PROFITS. THERE WERE NO PROFITS. PLAINTIFF-APPELLEE SUSTAINED THE ENTIRE LOSS. THE TRIAL COURT INCORRECTLY CHANGED THE PARTIES AGREEMENT.
R.C. 1775.17 governs the rights and duties of partners in Ohio and provides in part:
 The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
 (A) Each partner shall be repaid his contributions, whether by way of capital or advances, to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and each partner * * * must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.
(Emphasis added.) The question is: what was the agreement between Albanese and Grossen as it pertained to capital contributions and profits? The trial court found that Grossen and Albanese had an oral partnership agreement. According to the trial court, the terms of the agreement provided that Grossen's half of the initial capital contribution and expenses would be funded from her share of the profits. Remaining profits were then to be distributed equally to Albanese and Grossen. What the trial court did not expressly find was the effect of an unprofitable venture on Grossen's debt to Albanese. Because Grossen provided no transcript, we are bound by the trial court's finding of the terms of the partnership agreement. We therefore evaluate the effect of those terms under Ohio partnership law.
The trial court looked to R.C. 1775.17 and concluded that losses were to be shared by Grossen and Albanese in the same percentage as profits were to be shared. Because profits were to be shared equally, then losses, including any loss of the initial capital contribution, were to also be borne equally by both Grossen and Albanese. To effect this allocation of loss, the trial court held that Grossen owed Albanese $2,697.00, which represented Grossen's half of the initial capital contribution, plus costs and interest from the date of the judgment. This is a permissible and reasonable outcome under R.C. 1775.17 in light of the terms of the partnership agreement between Grossen and Albanese.
Grossen's second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
REECE, J.
QUILLIN, P. J.
CONCUR